# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED CENTRAL BANK,

        Appellant,

v.                                                   Case No. 10-CV-621

BULK PETROLEUM CORP.,
PASH TAMANG and T MINIMART, INC., and
OFFICIAL COMMITTEE OF UNSECURED CREDITORS,

        Appellees.

## ORDER

On July 23, 2010, this court received and docketed appellant United Central Bank's ("UCB") Notice of Appeal (Docket #1) from the Bankruptcy Court for the Eastern District of Wisconsin's order overruling UCB's limited objection and granting the debtors' motion to sell property. UCB raises only one issue on appeal: whether the bankruptcy court erred in overruling UCB's objection to the use of sale proceeds to pay delinquent real estate taxes on the property. The court affirms the decision of the bankruptcy court.

## BACKGROUND[1]

Debtor and appellee Bulk Petroleum Corporation ("Bulk") is in the business of petroleum sales, as well as leasing and sales of gas stations to station operators.

---

[1]As the appellee's brief notes, the record before this court appears to be improperly constructed. However, the appellant has attached relevant documents to its brief, and this court also has access to the original, public documents on the bankruptcy court's docket. Thus, the court takes judicial notice of documents cited herein that are not already properly included in the record.

Bulk filed for Chapter 11 bankruptcy on February 18, 2009. On May 14, 2010, Bulk filed a Motion to Sell Real Property with the bankruptcy court, the subject of which was essentially a gas station, Station 2779. (Debtors' Mot. to Sell Real Property) (Docket #1, Attach. 1). UCB is a secured creditor with a mortgage recorded against the sale property. Appellee Pash Tamang and T. Minimart, Inc. ("Tamang")[2] previously entered into a land contract in which Tamang agreed to purchase Station 2779 from Bulk, to be paid in installments over thirty years. (Debtors' Mot. to Sell Real Property Ex. B). By the terms of the contract, Tamang also made monthly payments to Bulk for payment of reasonably anticipated real estate taxes. *Id.* When Bulk motioned to sell the property, Tamang was again the buyer, the purchase price being the same as the balance due on the land contract.

Prior to the motion to sell, a number of lenders, including UCB and appellee Official Committee of Unsecured Creditors, filed a stipulation with the court on September 24, 2009, governing the distribution of proceeds from sale of assets. (Stip. Regarding Distribution of Proceeds) (Docket #10, Attach. 2). The bankruptcy court approved the stipulation on October 30, 2009. Most relevant to this appeal, the stipulation provides that "[t]he proceeds of each such sale shall be distributed first in payment of closing and other costs necessary to deliver clean title to the buyer and any broker's fee or commission." *Id.* at 3, ¶ 4. UCB filed a limited objection to the motion to sell, (UCB's Limited Objection) (Docket #10, Attach. 4), objecting not

---

[2]Pash Tamang is the principal of T. Minimart.

to the sale itself, but to three aspects regarding allocation of the proceeds. The bankruptcy court overruled the only objection at issue here, to the payment of delinquent real estate taxes from the gross sale proceeds. (Order Granting Mot. to Sell ¶ B) (Docket #1, Attach. 2). The bankruptcy court decided the objection on the basis of argument at hearing. *Id.* At hearing, UCB argued that because Tamang had tendered funds specifically for real estate tax payments each month, the payment of delinquent taxes should not come from the gross proceeds, but rather should be remitted by Bulk. The bankruptcy court held that the language of the stipulation governed and called for payment of delinquent taxes from the gross proceeds. (Tr. of Hr'g on Mot. to Sell Property 18:22-19:1) (Docket #10, Attach. 6). UCB now appeals.

## LEGAL STANDARD

On appeal, a district court may affirm, modify, reverse, or remand a bankruptcy court's judgment, order, or decree. Fed. R. Bankr. P. 8013. Factual findings are reviewed under a clearly erroneous standard, and conclusions of law are reviewed *de novo*. Fed. R. Bankr. P. 8013; *In re Newman*, 903 F.2d 1150, 1152 (7th Cir. 1990). Where the bankruptcy code places a decision within the bankruptcy court's discretion, it is reviewed under the abuse of discretion standard. *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009).

## ANALYSIS

UCB argues that the payment of delinquent real estate taxes on the Station 2779 property should not be paid out of the sale proceeds, prior to allocation of the net proceeds to UCB, but rather should be remitted by Bulk. To support its objection, UCB posits that when Bulk accepted specifically earmarked real estate tax payments from Tamang, it entered into a fiduciary relationship with Tamang with UCB as a beneficiary of that relationship. As a result of Bulk's failure to make tax payments from those funds, UCB argues, Bulk has breached its fiduciary duty and UCB is entitled to reversal of the bankruptcy court's order and entry of an order requiring payment of delinquent real estate taxes by the debtors.

UCB's argument, however, conflates two issues: whether the stipulation requires payment of delinquent real estate taxes from the sale proceeds prior to creditor allocation; and whether Bulk breached a fiduciary duty and should be required to remit monies for the delinquent taxes. Neither issue informs the other. The plain language of the stipulation controls whether the gross proceeds should be applied to delinquent taxes, whereas a breach of fiduciary duty, at best, controls whether Bulk owes monies to another party, not whether it is required to directly pay delinquent taxes. As such, the court will begin by analyzing the terms of the stipulation.

The stipulation, as written, clearly requires payment of delinquent taxes from the gross proceeds.[3] Interpretation of a stipulation is a conclusion of law, and thus subject to *de novo* review. *In re Airadigm Commc'ns, Inc.*, 616 F.3d 642, 654 (7th Cir. 2010). Where a contract is clear and unambiguous, the terms are conclusive and a court will not look to extrinsic evidence. *John M. Floyd & Assocs. Inc. v. Star Fin. Bank*, 489 F.3d 852, 854 (7th Cir. 2007) (applying Indiana law); *see also United States v. Rand Motors*, 305 F.3d 770, 774-75 (7th Cir. 2002) (applying federal law). To reiterate the terms, the stipulation requires "[t]he proceeds of each such sale shall be distributed first in payment of closing and other costs necessary to deliver clean title to the buyer." (Stip. Regarding Distribution of Proceeds 3, ¶ 4). Clean title clearly refers to unencumbered title, and the existence of delinquent real estate taxes would constitute an encumbrance. Thus, the continued existence of delinquent real estate taxes would prevent the title from being considered "clean." Therefore, it is "necessary" that the delinquent taxes be paid in order to deliver "clean title." The stipulation, in turn, requires any such necessary payments come

---

[3]To the extent there is an issue of whether federal or state law applies to interpretation of the stipulation, the court determines that the same result would obtain in either case.

from the proceeds of the sale.[4] The bankruptcy court's decision overruling the objection on the basis of the stipulation's language was correct and the court, thus, affirms the decision.

To the extent that UCB, in its objection, asked the bankruptcy court to exercise its power in equity to modify the stipulation, the decision was discretionary and not an abuse of discretion. Modification of a court-approved stipulation is within the discretion of the court. *See Ferrell v. Pierce*, 743 F.2d 454, 469 (7th Cir. 1984). Thus, as described above, the court must review any such decision denying modification for abuse of discretion. The abuse of discretion standard asks "whether *any* reasonable person could agree with the [court]." *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 563 (7th Cir. 1984) (emphasis in original). Abuse is found where a decision is based on an erroneous conclusion of law, the record contains no evidence on which to base the decision, or the factual findings are clearly erroneous. *In re Stavriotis*, 977 F.2d 1202, 1204 (7th Cir. 1992) (citing *Deitchman*). Though it is not clear that UCB's objection can even be characterized as requesting an equitable modification of the stipulation, to the extent it can, the bankruptcy

---

[4] At hearing, UCB did vaguely make an argument that because the earmarked funds were "presumably escrowed" for purposes of paying taxes, it is not "necessary" to pay the delinquent taxes out of the gross proceeds. (Tr. of Hr'g on Mot. to Sell Property 8:1-8:9, 10:18-10:24, 17:8-17:13). However, the language of the stipulation does not support this argument. The term "necessary" modifies "closing and other costs." Its application is clear: the question is whether the *costs* are necessary, not whether payment from the proceeds is necessary. The latter inquiry turns on the former. Regardless of whether Bulk *ought* to have paid the delinquent taxes, they have not, and thus the payment of taxes remains necessary, regardless of who pays them or from what source of funds they should be paid. The stipulation then answers this latter question, stating that gross proceeds are the source from which a necessary cost must be paid.

-6-

court's overruling can easily be agreed with by a reasonable person. The bankruptcy court explained that if it began to make exceptions, given the numerous properties and other lenders involved, there was no clear demarcation of where the court should or should not continue to make exceptions. (Tr. of Hr'g on Mot. to Sell Property 18:11-18:21). Further, the court found the terms of the stipulation were properly negotiated, and UCB received a benefit from avoiding foreclosure. *Id.* at 17:14-18:10. There was no erroneous conclusion of law or factual finding, nor did the bankruptcy court base the overruling on nonexistent evidence. The judge sufficiently explained at the hearing her reason for overruling the objection, and the justification is eminently reasonable. Thus, the bankruptcy court did not abuse its discretion on this matter.

Hearkening back to the issues conflated by UCB, to the extent it now argues an independent claim that Bulk breached a fiduciary duty and may be liable to it for delinquent taxes, such claim was neither raised in front of, nor ruled on by the bankruptcy court and is thus not reviewable. Again, a district court may only review a bankruptcy court's "judgment, order, or decree." Fed. R. Bankr. P. 8013. Further, an issue not raised before the bankruptcy court is not reviewable on appeal by the district court. *In re Kroner*, 953 F.2d 317, 319 (7th Cir. 1992). UCB styled the objection as toward "the Debtors' payment of delinquent real estate taxes . . . from the sale proceeds." (UCB's Limited Objection ¶ 5). UCB then elaborated, stating that,

> UCB is informed and believes that the Purchaser complied with its obligations . . . by making monthly payments . . . earmarked for the payment of real estate taxes. As such, the Debtors should have used those funds to make the necessary payments to keep the real estate taxes current. The Debtors cannot be permitted to "pocket" those funds received from the Purchaser for the payment of the real estate taxes and then use the funds that would otherwise be paid to UCB to pay the delinquent real estate taxes.

*Id.* at ¶ 6. At hearing, UCB argued only that use of gross proceeds to pay delinquent taxes would be inequitable where Bulk, "as a fiduciary," received earmarked funds and failed to pay the taxes. (Tr. of Hr'g on Mot. to Sell Property 7:16-8:22, 9:14-9:25). The bankruptcy court's ruling stated only that delinquent taxes should indeed be paid from the sale proceeds before distribution to UCB. *Id.* at 18:22-19:1; (Order Granting Mot. to Sell ¶ B). Thus, though UCB may have implied that Bulk did not adequately perform a fiduciary duty, it never asked the bankruptcy court for specific redress of a breach of duty, and the bankruptcy court, accordingly, did not decide any such issue. Thus, there is no order or other decision by the bankruptcy court on actual liability for breach of fiduciary duty and, therefore, to the extent UCB argues the issue before this court, the court is without authority to decide it. This conclusion is equally evident from the disposition of *Kroner*. If UCB is arguing such in this court, it did not raise the issue in front of the bankruptcy court and it is thus not reviewable here.

Finally, UCB makes a very brief argument in passing that Bulk's use of "trust" funds for non-tax-payment purposes results in a "potential non-dischargeable fraud claim" under the bankruptcy code. Again, the claim was not raised before the

bankruptcy court.  Fed R. Bankr. P. 8013; *Kroner*, 953 F.2d at 319.  Consequently, the argument is not reviewable here.

Thus, after analysis of all potential issues, the court finds no error on the part of the bankruptcy court and, therefore, affirms its decision.

Accordingly,

**IT IS ORDERED** that this appeal be and the same is hereby **DISMISSED**.

The clerk of court is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge